NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE CIRILO LOZADA-MORENO, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-2256 <br><br> Agency No. <br> A091-530-006 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 1, 2025[**]
Pasadena, California

Before: M. SMITH and VANDYKE, Circuit Judges, and MAGNUS-STINSON, District Judge.[***]

Petitioner Jose Cirilo Lozada-Moreno (Lozada-Moreno) seeks review of a

Board of Immigration Appeals (BIA) decision dismissing his appeal of an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jane Magnus-Stinson, United States District Judge for the Southern District of Indiana, sitting by designation.

Immigration Judge's (IJ) denial of his motion to reopen his 1993 removal proceedings. We have jurisdiction, in part, under 8 U.S.C. §1252, and we deny the petition in part and dismiss in part.

"We review the denial of a motion to reopen for abuse of discretion." *Bent v. Garland*, 115 F.4th 934, 939 (9th Cir. 2024). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (cleaned up) (citation omitted).

A petitioner normally has ninety days to file a motion to reopen removal proceedings from "the date of entry of a final administrative order of removal." 8 U.S.C. § 1229a(c)(7)(C)(i). Lozada-Moreno filed his petition in August 2022, nearly thirty years after the IJ's final order of removal. The IJ denied his motion as untimely, and the BIA affirmed. Lozada-Moreno argues that the BIA abused its discretion in affirming the IJ because the filing deadline for the motion to reopen should be equitably tolled. Equitable tolling is available to a petitioner who seeks to reopen removal proceedings where there has been "deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error." *Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011) (quoting *Iturribarria v. I.N.S.*, 321 F.3d 889, 897 (9th Cir. 2003)). Equitable tolling is applied where, "despite all due diligence, the party requesting equitable tolling is unable to

obtain vital information bearing on the existence of the claim." *Id.* (quoting *Albillo-De Leon v. Gonzalez*, 410 F.3d 1090, 1099–1100 (9th Cir. 2005)).  Lozada-Moreno claims he meets these criteria because he is eligible for relief under former Section 212(c) of the Immigration and Nationality Act, but he failed to understand his eligibility during his 1993 proceedings.  He further claims the IJ improperly allowed him to waive his right to appeal.  He states that he was diligent in pursuing his legal remedies, but due to the COVID-19 pandemic he did not file a Motion to Reopen until August 2022.

The BIA did not abuse its discretion in denying Lozada-Moreno's motion to reopen.  Lozada-Moreno was not eligible for § 212(c) relief, as he had not been a lawful temporary resident for the requisite time period, and the record establishes he understood his ineligibility.  As to his appeal rights, in response to an open-ended question by the IJ, Lozada-Moreno stated that he would "accept the decision" of the IJ to deport him.  While Lozada-Moreno notes that he encountered difficulty finding legal help during the COVID-19 pandemic, he presented no evidence as to the steps he took to help himself the preceding twenty-five or more years.  Because Lozada-Moreno failed to meet his burden of proof to show either error or fraud by the IJ, or his own due diligence in seeking legal relief for nearly thirty years, he was not entitled to equitable tolling.  Lozada-Moreno's petition for review on the basis of equitable tolling is denied.

Lozada-Moreno also argues that the BIA erred in failing to reopen his case *sua sponte*. In *Bonilla v. Lynch*, we held that the BIA's decision to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a) is discretionary and reviewable only "for the limited purpose of reviewing the reasoning behind the decision for legal or constitutional error." 840 F.3d 575, 581 (9th Cir. 2016). Because no legal or constitutional error is evident on the record, we lack jurisdiction to review the BIA's decision declining to reopen Lozada-Moreno's case *sua sponte* and dismiss in part Lozada-Moreno's petition for lack of jurisdiction as to that issue.

**PETITION DENIED IN PART AND DISMISSED IN PART.**